IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-392-D

| | |
|---|---|
| THEODORE JUSTICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MCAGNUS GOUDELOCK & ) | |
| COURIE, LLC, et al., ) | |
| ) | |
| Defendants. | |

On July 8, 2024, Theodore Justice ("Justice" or "plaintiff"), proceeding pro se, filed a complaint against McAngus Goudelock & Courie LLC, Luke Dalton, Skylar J. Gallagher, the North Carolina Bar Association, and Amanda E. Stevenson (collectively, "defendants"). See [D.E. 1]. On July 10, 2024, pursuant to 28 U.S.C. § 636(b)(1), the court referred the case to Magistrate Judge Brian S. Meyers for a memorandum and recommendation ("M&R") on Justice's motion to proceed in forma pauperis [D.E. 2] and for a frivolity review. See [D.E. 4]. On October 1, 2024, Justice requested that the court "issue a summons and complaint" and accused the defendants of impermissibly influencing the North Carolina Court of Appeals in a parallel state court proceeding [D.E. 11]. On November 6, 2024, Justice petitioned the United States Court of Appeals for the Fourth Circuit to issue a writ of mandamus to compel this court to grant Justice's motion to issue a "summons and complaint." See Petition at 2, In re Justice, No. 24-2121 (4th Cir. Nov. 6, 2024).

On November 15, 2024, Magistrate Judge Meyers issued an M&R [D.E. 13] and recommended that the court grant Justice's motion to proceed in forma pauperis and dismiss the

complaint as frivolous.[1] On November 20, 2024, Justice objected to the M&R [D.E. 14, 15]. On November 22, 2024, Justice filed additional objections to the M&R [D.E. 16]. On November 25, 2024, Justice requested that the court define the term "serial filer" [D.E. 17]. On December 27, 2024, the Fourth Circuit denied Justice's petition for a writ of mandamus [D.E. 18]. On January 15, 2025, Justice purported to amend his complaint [D.E. 20]. On February 13, 2025, Justice filed an amended complaint [D.E. 21, 22]. The same day, Justice moved for a preliminary injunction [D.E. 23]. On March 7, 2025, Justice sought leave to file a second amended complaint [D.E. 24] and filed a notice of intent to file evidence [D.E. 25].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R and Justice's objections. As for those portions of the M&R to which Justice made no objection, the court is satisfied that there is no clear error on the face of the record. As for the objections, the court has reviewed the objections and the M&R de novo. Justice objects, inter alia, to M&R Sections III(A) and III(B) which recommend the court abstain under the Rooker-Feldman doctrine and Younger v. Harris, 401 U.S. 37 (1971). The court does not apply Rooker-Feldman or Younger. Instead, the court adopts the remaining conclusions in the M&R.

---

[1] The M&R notes Justice's numerous filings in state and federal courts. See [D.E. 13] 1 n.1.

2

The court construes Justice's self-styled addendum, amended complaint, and motion for leave to file a second amended complaint as motions to amend his complaint. See [D.E. 21, 22, 24]. The court denies these motions as futile. See, e.g., Equal Rts. Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010).

In sum, the court GRANTS plaintiff's motion to proceed in forma pauperis [D.E. 2] and DISMISSES as frivolous plaintiff's complaint [D.E. 1], motion to request the issuance of a summons and complaint [D.E. 11], and motion to define the term "serial filer" [D.E. 17]. The court DENIES as futile plaintiff's motions to amend [D.E. 21, 22, 24] and DENIES AS MOOT plaintiff's motion for a preliminary injunction [D.E. 23]. The clerk SHALL close the case.

SO ORDERED. This _8_ day of March, 2025.

JAMES C. DEVER III
United States District Judge

3
Case 5:24-cv-00392-D-BM    Document 26    Filed 03/10/25    Page 3 of 3